

45 Ottawa Avenue SW
Suite 1100
P.O. Box 306
Grand Rapids, MI 49501-0306

MERITAS LAW FIRMS WORLDWIDE

**D. ANDREW PORTINGA**
Attorney at Law

616.831.1772
PortingaA@millerjohnson.com

This motion has already been resolved.

The Clerk of Court is directed to terminate the motion at Dkt. 36.

September 10, 2025

SO ORDERED.

*[signature]*

Arun Subramanian, U.S.D.J.
Date: September 30, 2025

Hon. Naomi Reice Buchwald
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
BuchwaldNYSDChambers@nysd.uscourts.gov

Re: Pre-Motion Conference Request in *J.R. Automation v. McIllwain,*
Case No. 1:25-cv-3418

Dear Judge Buchwald:

This is Defendants' request for a pre-motion conference, as required by this Court's *Individual Practice* Guidelines.

Defendants intend to file a motion to reassign and consolidate this case with a related case: Case No. 1:25-cv-3417. This motion will be based on Local Rule 13 of the *Rules of the Division of Business among District Judges* and Federal Rule of Civil Procedure 42.[1]

This case is related to, and presents common questions of law and fact with, four other cases pending in this Court. They are (1) *J.R. Automation Technologies, LLC v. Cook et al*, 1:25-cv-03417-AS ("*Cook*"), (2) *J.R. Automation Technologies, LLC v. Lowell et al*, 1:25-cv-03419-LJL ("*Lowell*"), (3) *J.R. Automation Technologies, LLC v. Sarchet et al.,* 1:25-cv-04945-JHR ("*Sarchet*"); (4) *J.R. Automation Technologies, LLC v. Holstege*, 1:25-cv-04946-AT ("*Hostege*"). *Cook* was the first-filed of these five cases. In each of these cases, J.R. Automation has sued former employees who left for better opportunities. Each of the departing employees was a party to a Management Incentive Unit Agreement, which contains non-competition and non-solicitation provisions. The complaints are substantially identical. The defendants in *Lowell*, *Sarchet*, and *Hostege* will contemporaneously be filing for similar relief to have those cases reassigned and consolidated with Case No. 1:25-cv-3417.

Each of these cases will involve substantially similar defenses. While J.R. Automation is the plaintiff in each of the related cases, it is not a party to the Agreement it seeks to enforce. Instead, the Agreement is with J.R. *Technology Holdings*, LLC, which is J.R. Automation's former

---

[1] Via email of August 25, 2025, September 2, 2025, and September 9, 2025, the undersigned sought Plaintiff's concurrence in this motion. Concurrence was not granted.

MILLER JOHNSON

Hon. Naomi Reice Buchwald
September 10, 2025
Page 2

---

grandparent. J.R. Technology Holdings sold J.R. Automation and other entities to Hitachi Ltd in 2019. The Agreements were not assigned as part of the sale. And when several of the employees left J.R. Automation, they explicitly asked if they were subject to any non-competition agreement. They were uniformly told, "no." Finally, the non-competition provisions are overbroad and unenforceable under Delaware law, which governs the agreements.

These cases therefore present a common issue: whether the non-competition and non-solicitation provisions in the Agreements can be enforced against the defendants. To avoid the duplication of judicial efforts and the possibility of inconsistent judgments, the cases should be reassigned to one judge consolidated into one action. Further, these cases are in their infancy, and reassignment and consolidation will not delay either case. Accordingly, Defendants submit that case should be reassigned to Honorable Arun Subramanian, who is presiding over Case No. 1:25-cv-03417-AS, because that case has the lowest docket number.

Sincerely,

MILLER JOHNSON

By *[signature]*
D. Andrew Portinga

MJ_ND 4929-5035-6327v2